# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN FOSTER, | 1:10-cv-01288 AWI GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| DR. BHAMBI, M.D., et al., | (ECF No. 1) |
| Defendants. | |

**Screening Order**

**I.  Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.   Plaintiff's Claim**

Plaintiff claims that he was subjected to inadequate medical care. Plaintiff's allegations stem from a procedure he underwent at Bakersfield Memorial Hospital on September 22, 2006. Plaintiff was scheduled "to have an LHC catheterization exam to check the left side of his heart vessels, to see if any vessels had collapsed or if plaintiff's prior stents were failing." (Compl. p. 3.) Plaintiff alleges that, unknown to him, Dr. Bhambi actually implanted a new stent. Plaintiff alleges that Dr. Bhambi altered the consent form to make it appear as if Plaintiff approved the implementation of a new stent. Plaintiff alleges that the stent placement resulted in injury to his groin and "deteriorating mobility of his legs."

     **A.   Eighth Amendment Medical Care Claim**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

Although Plaintiff indicates that he did not approve of the implantation of the stent, he does not allege any facts indicating that the placement of the stent was medically inappropriate or unnecessary. Plaintiff does allege groin injury and resulting leg immobility, presumably because of the insertion of the stent. Plaintiff appears to claim that defendants were negligent. Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (citing Estelle, 429 U.S. at 105-06). See also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). Further, Plaintiff cannot prevail in a section 1983 action where only the quality of treatment is subject to dispute. Sanchez v. Vild, 891 F.2d 240 (9th Cir. 1989). Mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim. Hatton v. Arpaio, 217 F.3d 845 (9th Cir. 2000); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff also names as a defendant the Chief of Administration at Bakersfield Memorial Hospital. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743.44). Here, Plaintiff fails to identify the Chief of Administration, and fails to charge

that individual with any specific conduct.  In order to state a claim, Plaintiff must charge each individual defendant with conduct that constitutes deliberate indifference.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

### III.    Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**     **November 30, 2011**                    /s/ **Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE