# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN FOSTER, | 1:10-cv-01288-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUESTS FOR ENTRY OF DEFAULT |
| v. | (Docs. 15, 17; also resolves Doc. 16.)) |
| DR. BHAMBI, M.D., et al., | |
| Defendants. | |

**I.  BACKGROUND**

Allen Foster ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on July 20, 2010. (Doc. 1.)  The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and entered an order on November 30, 2011, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 10.) On January 24, 2012, Plaintiff filed the First Amended Complaint, which awaits the requisite screening by the Court.  (Doc. 14.)

On March 29, 2012 and April 24, 2012, Plaintiff filed requests for entry of default against the defendants.  (Docs. 15, 17.)

**II.  ENTRY OF DEFAULT**

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil

1

Procedure and where that failure is shown by affidavit or otherwise. <u>See</u> Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d).

Plaintiff requests entry of default against all of the defendants. Plaintiff maintains that because he filed the First Amended Complaint on January 24, 2012, the Court's records "should show that the defendants were served with a copy of a summons, and copies of the [First Amended Complaint] on or after 1/24/12." (Declaration of Plaintiff, Doc. 15 at 1:17-21.) Plaintiff argues that default should be entered because more than twenty days have elapsed since the date defendants were served, and defendants have failed to answer or otherwise defend against the complaint.

Plaintiff's motion is premature because defendants have not been served in this action. The Court will, *sua sponte*, direct the United States Marshal to serve the complaint only after the court has screened the complaint as required by 28 U.S.C. § 1915A and determined that it contains cognizable claims for relief against the named defendants. Thus, the time limits set forth in Rule 4 are inapplicable until such time as the Court determines the complaint states cognizable claims for relief. As the Court has yet to screen Plaintiff's First Amended Complaint, Plaintiff's request for entry of default is premature and shall be denied as such..

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's requests for entry of default, filed on March 29, 2012 and April 24, 2012, are DENIED as premature.

IT IS SO ORDERED.

Dated: **May 31, 2012**           /s/ **Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE

2