1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   ALLEN FOSTER,                          1:10-cv-01288-AWI-GSA-PC

12              Plaintiff,                  ORDER DENYING PLAINTIFF'S
                                            REQUESTS FOR ENTRY OF DEFAULT
13        v.                                (Docs. 15, 17; also resolves Doc. 16.))

14   DR. BHAMBI, M.D., et al.,

15              Defendants.
                                        /
16   _____

17   **I.     BACKGROUND**

18        Allen Foster ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed

19   pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on July 20,

20   2010. (Doc. 1.)  The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and entered an

21   order on November 30, 2011, dismissing the Complaint for failure to state a claim, with leave to

22   amend. (Doc. 10.) On January 24, 2012, Plaintiff filed the First Amended Complaint, which awaits

23   the requisite screening by the Court.  (Doc. 14.)

24        On March 29, 2012 and April 24, 2012, Plaintiff filed requests for entry of default against

25   the defendants.  (Docs. 15, 17.)

26   **II.    ENTRY OF DEFAULT**

27        Entry of default is appropriate as to any party against whom a judgment for affirmative relief

28   is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil

                                            1

1   Procedure and where that failure is shown by affidavit or otherwise.  See Fed. R. Civ. P. 55(a).  Rule

2   12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within

3   21 days after being served with the summons and complaint; or if it has timely waived service under

4   Rule 4(d), within 60 days after the request for a waiver was sent."  Fed. R. Civ. P. 12(a)(1)(A).

5   Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver

6   of service.  Fed. R. Civ. P. 4(d).

7        Plaintiff requests entry of default against all of the defendants.  Plaintiff maintains that

8   because he filed the First Amended Complaint on January 24, 2012, the Court's records "should

9   show that the defendants were served with a copy of a summons, and copies of the [First Amended

10  Complaint] on or after 1/24/12."  (Declaration of Plaintiff, Doc. 15 at 1:17-21.)  Plaintiff argues that

11  default should be entered because more than twenty days have elapsed since the date defendants were

12  served, and defendants have failed to answer or otherwise defend against the complaint.

13        Plaintiff's motion is premature because defendants have not been served in this action.  The

14  Court will, *sua sponte*, direct the United States Marshal to serve the complaint only after the court

15  has screened the complaint as required by 28 U.S.C. § 1915A and determined that it contains

16  cognizable claims for relief against the named defendants.  Thus, the time limits set forth in Rule 4

17  are inapplicable until such time as the Court determines the complaint states cognizable claims for

18  relief.  As the Court has yet to screen Plaintiff's First Amended Complaint, Plaintiff's request for

19  entry of default is premature and shall be denied as such..

20  **III.    CONCLUSION**

21        Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's requests for entry of

22  default, filed on March 29, 2012 and April 24, 2012, are DENIED as premature.

23

24        IT IS SO ORDERED.

25     Dated:   **May 31, 2012**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE
26

27

28