UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN FOSTER,<br><br>    Plaintiff,<br><br>    vs.<br><br>DR. BHAMBI, M.D., et al.,<br><br>    Defendants. | 1:10-cv-01288-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(Doc. 25.)<br><br>OBJECTIONS, IF ANY DUE IN THIRTY DAYS |

**I.    BACKGROUND**

Allen Foster ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on July 20, 2010.  (Doc. 1.)  The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and entered an order on November 30, 2011, dismissing the Complaint for failure to state a claim, with leave to amend.  (Doc. 10.)  On January 24, 2012, Plaintiff filed the First Amended Complaint.  (Doc. 14.)  On June 4, 2012, the Court dismissed the First Amended Complaint for failure to state a claim, with leave to amend.  (Doc. 20.)  On June 20, 2012, Plaintiff filed the Second Amended Complaint.  (Doc. 22.)  On March 28, 2013, the Court dismissed the Second Amended Complaint for violation of Local Rule 220, with leave to amend.  (Doc. 24.)  On April 15, 2013, Plaintiff filed the Third Amended Complaint, which is now before the court for screening.  (Doc. 25.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. SUMMARY OF THIRD AMENDED COMPLAINT

Plaintiff is presently incarcerated at the Richard J. Donovan Correctional Facility in San Diego, California. The events at issue in the Third Amended Complaint allegedly occurred at Pleasant Valley State Prison in Coalinga, California, when Plaintiff was incarcerated there, and Bakersfield Memorial Hospital. Plaintiff names as defendants Dr. Bhambi (M.D.), and Bakersfield Memorial Hospital. Plaintiff's allegations consist of the following, in their entirety:

> "On approximately 9-22-06, the Defendant Doctor Bhambi, acted with Deliberate Indifference to Plaintiff's serious medical needs forcing Plaintiff to undergo a medical procedure (implanting stents), a procedure that has caused Plaintiff to suffer from significant injury, unnecessary and wanton infliction of pain."

(Third Amd Cmp, Doc. 25 at 3 ¶IV.) Plaintiff requests monetary damages as relief.

## IV. PLAINTIFF'S MEDICAL CLAIM

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997)

(internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  While factual allegations are accepted as true, legal conclusions are not.  Id. at 678.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the

prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d 1050, overruled on other grounds by WMX Techs., Inc., 104 F.3d at 1136 (en banc) (internal quotations omitted)). "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

///

///

**Discussion**

Plaintiff fails to state an Eighth Amendment medical claim under § 1983 against any defendant. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claim. Id. The court finds Plaintiff's allegations in the Third Amended Complaint to be vague and conclusory. Plaintiff has not established that he had a serious medical need, nor has Plaintiff made factual allegations demonstrating that any defendant knew of an excessive risk to his health and consciously disregarded the risk while acting or failing to act. Plaintiff fails to describe how defendants personally acted against him with a purposeful act or failure to respond to his pain or medical need. Therefore, Plaintiff's Third Amended Complaint must be dismissed for failure to state a claim.

## V. CONCLUSION AND RECOMMENDATIONS

The court finds that Plaintiff's Third Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the defendants. In this action, the court previously granted Plaintiff multiple opportunities to amend the complaint, with ample guidance by the court. Plaintiff has now filed four deficient complaints. The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

**thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 11, 2013**                              **/s/ Gary S. Austin**
                                                                                    UNITED STATES MAGISTRATE JUDGE